# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| vs. ) | |
| ) | |
| COMMERCIAL EXPRESS, INC., ) | |
| | |
| Defendant. | |

## COMPLAINT

### I. JURISDICTION

1. This is a suit instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.* ("Title VII"), 42 U.S.C. §1981 ("§1981"), and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Jurisdiction of this Court exists pursuant to 28 U.S.C. §1331 and 1343(4) and 29 U.S.C. §§216(b) and 217.

2. Plaintiff Christopher Jackson ("Plaintiff") timely filed his charge of discrimination against defendant Commercial Express, Inc. ("Defendant") with the Equal Employment Opportunity Commission within 180 days after the last act of discriminatory treatment. Plaintiff has further filed this complaint within 90 days after receipt of his right-to-sue letter.

## II. PARTIES

3. Plaintiff is a citizen over the age of nineteen and a resident of Jefferson County, Alabama.

4. Defendant is a corporation headquartered in Lake Mary, Florida.

5. Defendant is and was during the events alleged in this case a covered employer under Title VII.

6. Further, Defendant is and was at all times relevant to this complaint a covered entity with regard to the minimum wage and overtime provisions of the FLSA engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r) and 203(s).

## III. FACTS

7. Plaintiff is African-American.

8. In or about September of 2019, Plaintiff became employed at Defendant's facility in Birmingham, Alabama.

9. Plaintiff worked in the warehouse loading and unloading trucks.

10. Plaintiff was always paid on an hourly basis.

11. Plaintiff's supervisor was T.J. Hickman.

12. T.J. Hickman is Caucasian and was the manager of the facility.

13. Over T.J. was Peter Schottmiller, who was over several facilities in Alabama and other states.

14. Schottmiller is Caucasian.

15. T.J.'s husband, Bill Hickman (Caucasian), and their daughter, Jeannie Hickman (Caucasian), also worked at the Birmingham facility.

16. On or about May 29, 2020, Bill put his finger in Plaintiff's face and called him "boy."

17. Schottmiller was at the facility and was in the area, but it is unknown if he heard Bill say that.

18. Plaintiff was offended and angered by it and told Bill not to call him that.

19. Schottmiller came over and Plaintiff told him what happened.

20. Schottmiller said that it was racist and that Bill should not have done that.

21. On or about June 3, 2020, Plaintiff noted that his pay check was short in that he had not been paid for all the hours he had worked.

22. Plaintiff told T.J. abut it.

23. T.J. told Plaintiff that Jeannie calculated his hours worked.

24. Plaintiff went to Jeannie and told her she had shorted his hours worked on his pay check.

25. Jeannie said that Plaintiff had been leaving work early.

26. This was false.

27. Plaintiff told Jeannie it was false.

28. Jeannie said she had seen Plaintiff leave work early.

29. Again, this was false.

30. Plaintiff told Jeannie that she was lying.

31. Jeannie told Plaintiff that she could not work with Plaintiff and that he was fired.

32. T.J. told Plaintiff to leave.

33. Plaintiff called Schottmiller to talk to him, but he was busy.

34. Plaintiff was able to talk to Schottmiller on or about June 9, 2020.

35. Plaintiff told Schottmiller what happened with Jeannie and asked if he could come back to work.

36. Schottmiller said that he did not think Plaintiff's relationship with Bill could be mended.

37. Plaintiff asked Schottmiller why he had to lose his job when Bill was the one who had called him "boy."

38. Schottmiller said that Bill was "family."

39. Nothing was done to Bill.

## IV. CAUSES OF ACTION

## COUNT I

## TITLE VII

40. Paragraphs 1-39 above are incorporated by reference.

41. Defendant violated Plaintiff's rights under Title VII by terminating his employment and/or refusing to reinstate him, because of his race and/or his opposition to what he reasonably believed to have been unlawful race discrimination.

42. As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff respectfully requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated Title VII;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate Title VII;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-

pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v)  That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT II

## 42 U.S.C. §1981

43.  Paragraphs 1-39 above are incorporated by reference.

44.  Defendant violated Plaintiff's rights under §1981 by terminating his employment and/or refusing to reinstate him, because of his race and/or his opposition to what he reasonably believed to have been unlawful race discrimination.

45.  As a result of the above described discriminatory acts, Plaintiff has been made to suffer lost wages and benefits, as well as emotional distress and mental anguish.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court issue an Order declaring that Defendant's actions described herein violated §1981;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant, from continuing to violate §1981;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole by reinstating Plaintiff and placing him into the position he would have occupied in the absence of discrimination (or, alternatively, providing front-pay), providing back-pay and lost benefits, and ordering Defendant to pay compensatory and punitive damages as a jury may assess;

(iv) That the Court award Plaintiff pre-judgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences as a result of a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, expert witness fees, attorney's fees, and expenses.

## COUNT III

### FLSA

46. Paragraphs 1-39 are incorporated by reference.

47. Plaintiff's complaints as set forth above about not being paid for all hours worked constituted protected activity under 29 U.S.C. §215(a)(3).

48. Defendant terminated Plaintiff's employment and/or refused to reinstate him in retaliation for his having engaged in this protected activity.

49. Defendant knew that its termination of Plaintiff and/or refusal to reinstate him was prohibited by law or showed reckless disregard for whether it was.

50. In doing so, Defendant willfully violated the FLSA.

51. As a result of Defendant's action, Plaintiff has suffered lost wages and benefits and emotional distress.

**WHEREFORE, these premises considered**, Plaintiff requests the following:

(i) That the Court enter an Order declaring that Defendant's acts as described herein violated the FLSA;

(ii) That the Court grant Plaintiff a permanent injunction enjoining Defendant, and its agents, employees, successors, and those acting in concert with Defendant from further violating the FLSA;

(iii) That the Court enter an Order requiring Defendant to make Plaintiff whole reinstating Plaintiff and placing him into the position he would have occupied in the absence of retaliation (or, alternatively, providing front-pay), providing back-pay and

lost benefits, and ordering Defendant to pay compensatory and liquidated damages as a jury may assess;

(iv) That the Court award Plaintiff prejudgment and post-judgment interest at the highest rates allowed by law and an amount to compensate him for any adverse tax consequences resulting from a judgment in his favor; and

(v) That the Court award such other legal and equitable relief as justice requires, including, but not limited to, an award of costs, attorney's fees, expert witness fees, and expenses.

Respectfully submitted,

s/ Adam M. Porter
Adam M. Porter
Attorney for Plaintiff
Adam M. Porter, LLC
2301 Morris Avenue, Suite 102
Birmingham, Alabama 35203
Phone: (205) 322-8999
Facsimile: (205) 402-4619
Email: adam@adamporterlaw.com

Plaintiff requests trial by struck jury.

s/ Adam M. Porter
Attorney for Plaintiff